**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FORD DEALER COMPUTER SERVICES, INC.
n/k/a DEALER COMPUTER SERVICES, INC.,

    Plaintiff,

                                       Case No. 06-X-50344

v.

                                 HONORABLE DENISE PAGE HOOD

HIGHLAND LINCOLN MERCURY, INC.
and HIGHLAND LINCOLN MERCURY, LLC,

    Defendants.

_____/

**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD
and
ORDER DENYING MOTION TO VACATE ARBITRATION AWARD**

**I.    BACKGROUND/FACTS**

Dealer Computer Services, Inc. (formerly known as Ford Dealer Computer Services, Inc.)("DCS") brought this Motion to Confirm Arbitration Award. Defendants Highland Lincoln Mercury, Inc. and Highland Lincoln Mercury LLC ("Highland") filed a Response to Plaintiff's Motion and a Motion to Vacate Arbitration Award. The Court has jurisdiction over this matter pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 and federal common law. Under the FAA, 9 U.S.C. § 9, a court ***must*** grant an order confirming the arbitration award, "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Section 10(a) provides that an award may be vacated where the award was procured by fraud, as argued by Defendants. 9 U.S.C. § 10(a). A motion to vacate must be filed within three months of the panel's decision. 9 U.S.C. § 12.

DCS and Tyson Lincoln Mercury, Inc. entered into an Agreement, including the Arbitration Agreement at issue on November 21, 1994. The Agreement was assigned to Highland in August

2001.  Highland closed its operations on December 13, 2003.  The breach of contract dispute under the Agreement was arbitrated in June and October 2005, and the Award of the Arbitrator was issued in November 2005, awarding DCS its full measure of damages, totaling $357,226.95 and attorney fees and costs in the amount of $83,507.53.

The facts of how the arbitration proceeded are not in dispute.  Highland, however, asks this Court to vacate the Award of Arbitrator claiming it was procured by fraud. 9 U.S.C. § 10(a)(1).  Highland asserts that in March 2006 Highland discovered that DCS had sued Ford Motor Company in a federal court in Texas for denying DCS continued access to Ford's parts data and that DCS had sought to enjoin Ford from preventing such access.  At a March 15, 2006 hearing in the Texas court, Highland alleges that DCS admitted that it had access to the Ford parts data only through September 30, 2005 under its contract with Ford.  (Highland Br., Exhibit E, p 45:15-22, 139:13-16)  DCS admitted that it had received notice of termination of the license to the data in the summer of 2004, but did not give any notice to its sub-licensees.  (Highland Br., Exhibit E, p.22:15-20; p.43:19-44:6)  DCS also admitted that it had continued to engage in contracts with Ford dealers for this parts data that extended well beyond September 2005 and that DCS knew it would be unable to perform if Ford terminated its agreement with DCS. (Highland Br., Exhibit E, p.44:7-19; 48:4-25)

Highland claims it had one of these contracts, the Computerized Publication Display ("CPD"), which was to survive until May 2009 and was the basis of the damages Award in this case.  Highland claims it did not know and had no way of knowing that DCS was to lose its ability to perform under the contract. Highland further claims that DCS knew that it would be impossible for DCS to perform and because it did not inform the Arbitrator of this possibility, perpetrated a fraud on the Arbitrator by concealing this information and thereby obtaining the Award by intentional

2

fraud.

On March 28, 2006, the Texas federal court, denied DCS's request for injunction and DCS lost its right to access the Ford parts data. (Highland Br., Exhibit F) Thereafter, Ford accommodated DCS by entering into an agreement allowing DCS to access the Ford parts data through June 2006. (Highland Br., Exhibit G) Highland claims that the fraud materially relates to a central issue involved in the arbitration, that of damages. In the arbitration, DCS sought damages for Highland's breach of contract on the Dealership Management System and the CPD computer systems. Highland claims DCS could not have fully recovered those damages had the Arbitrator and Highland knew of DCS's own inability to fully perform the contracts. Highland claims DCS made no effort to offset the damages it had been awarded against Highland. Highland now seeks, in response to DCS's Motion to Confirm, to vacate the Award in its entirety claiming that DCS obtained the Award through fraud.

DCS filed its Motion to Confirm Arbitration Award on April 13, 2006. Highland filed its Response to the Motion and its Motion to Vacate Arbitration Award on June 14, 2006. A hearing was held on the matter.

## II. ANALYSIS

DCS asserts that Highland's objections to the Award are untimely, noting that pursuant to 9 U.S.C. § 12m, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered," citing *Corey v. New York Stock Exchange*, 692 F 2d 1205, 1212 (6th Cir. 1982), DCS argues that failure to comply with this requirement "forfeits the right to judicial review of the award." DCS also argues that such untimely objections may not be raised as defenses to an action to confirm an arbitration

3

award after the time to vacate an award has passed, citing *Professional Administrators, Ltd. v. Kopper-Glo Fuel, Inc.,* 819 F.2d 639 (6th Cir. 1987).

Highland asserts its motion to vacate is not untimely based on the "discovery rule" exception to the accrual of causes of action. Highland claims the discovery rule is recognized as well settled law under Michigan law and Sixth Circuit precedent. *See, John Hancock Fin. Servs., Inc. v. Old Kent Bank,* 346 F.3d 727 (6th Cir. 2003); *Village of Milford v. K-H Holding Corp.,* 390 F.3d 926 (6th Cir. 2004). Highland further claims the rule has been applied to actions based on fraud. *Au Rustproofing Center, Inc. v. Gulf Oil Corp.,* 755 F.2d 1231, 1237 (6th Cir. 1985). Highland admits it has found no case law applying the discovery rule to the time for filing for vacation of an arbitration award. Highland urges this court to extend the discovery rule to its motion to vacate the Award claiming that "such a motion is the equivalent of bringing a cause of action in such court." Highland asserts that public policy supports this application where the fraud could not be discovered until after the time to file a motion to vacate. In this case the arbitration award was issued in early November 2005 and the alleged fraud was not discovered until mid-March 2006, about three and a half months later. Highland sought to vacate the award on June 14, 2006, following DSC's Motion to Confirm the Award on April 13, 2006.

Highland misapprehends the "discovery rule" because it only applies to statute of limitations governing when a plaintiff may file a *cause of action*. A statute of limitations generally begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his or her cause of action. *See Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 548 (6th Cir. 2000). When the injured person sustains an injury which cannot reasonably be discovered, the limitations period within which to file a cause of action commences when the plaintiff reasonably should have discovered both the

4

cause and the injury. *See Hicks v. Hines, Inc.,* 826 F.3d 1543, 1544 (6th Cir. 1987). The "discovery rule" does not apply in this case because Highland did not have a "claim" or "cause of action" against DCS when DCS filed its lawsuit against Ford in the Texas federal court in March 2006. Highland was not legally or actually injured on that day by DCS so that Highland would have had a legal cause of action against DCS.

The doctrine of equitable tolling may be applicable to the FAA statute of limitation, although the Sixth Circuit has yet to rule on that issue in a published opinion. Under the doctrine of equitable tolling, a party may be able to file an action even after the statute of limitations has expired, if, through no fault or lack of diligence on his or her part, he or she was prevented from filing suit in a timely manner due to inequitable circumstances. *See EEOC v. Kentucky State Police Dep't,* 80 F.3d 1086, 1094-95 (6th Cir. 1996). In an unpublished decision, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Berry,* 2004 WL 376493 (6th Cir. Feb. 26, 2004), the Sixth Circuit had the occasion to address the issue of whether the FAA limitations period in § 12 was subject to equitable tolling.[1] Specifically, the concurring opinion, written by the undersigned, noted that "equitable tolling is applicable to the three month limitation period under 9 U.S.C. § 12" and that the Supreme Court has long held that doctrine of equitable tolling "is read into every federal statute of limitations." 2004 WL 376493 at **4 (citations omitted). Although the Sixth Circuit has not expressly held in a published opinion that equitable tolling applies to the FAA, the panel in *Merrill Lynch* applied the

---

[1] Other Circuits have held that there is no "discovery rule" or "equitable tolling" exception to the FAA statute of limitations when fraud claims are alleged beyond the time limitations under the FAA. *Cigna Ins. Co. v. Huddleston,* 1993 WL 58742 *11 (5th Cir. Feb. 16, 1993)(unpublished); *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir. 1986); *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 175 (2d Cir. 1984); *Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc.,* 857 F.2d 1235, 1238 (8th Cir. 1988).

factors set forth in *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988) to determine whether equitable tolling should be applied in that case. *Id.* at **2, **4. The factors to consider in determining whether to toll § 12 include: 1) the movant's lack of actual or constructive notice of the filing requirement; 2) the movant's diligence in pursuing his rights; 3) an absence of prejudice to the non-movant; and 4) the movant's reasonableness in remaining ignorant of the filing requirement. *Andrews,* 851 F.2d at 151.

Applying the factors to this case, the Court finds that Highland cannot establish that tolling should be applied. Highland cannot meet the first factor–notice of the filing requirement. Highland does not dispute that it had knowledge of the three months limitations under the FAA.

Highland cannot meet the second factor since it was not diligent in pursuing its rights. Highland admits that the arbitration award was issued on November 4, 2005 and that it discovered the alleged fraud on March 15, 2006. Although Highland indicates in its Amended Response that it filed its Motion to Vacate on May 15, 2006, the Court's docket indicates Highland did not file its Motion to Vacate until June 14, 2006, two months after Plaintiff filed its Motion to Confirm Arbitration Award on April 13, 2006. Once it discovered the alleged fraud in March 2006, Highland should have filed its Motion to Vacate immediately rather than waiting three months to file the motion, essentially as a response to DCS's Motion to Confirm. Highland's actions in waiting three months to file its Motion to Vacate and after DCS's Motion to Confirm shows lack of diligence on its part, in light of the purpose of the FAA–the speed and finality of arbitration proceedings.

Regarding the third factor–absence of prejudice to the non-movant–Highland cannot show lack of prejudice as to DCS. The parties agreed to arbitrate the matter, hearings were held before the arbitrator, the parties agreed to the damages involved and the arbitrator issued his award.

6

Although Highland alleges DCS committed fraud upon the arbitrator by failing to disclose the status of its contract with Ford, Highland closed its operations in December 2003, almost two years prior to the arbitration. Highland was not precluded from inquiring of DCS during the arbitration proceedings as to whether there was anything that could impact the damages calculations. Highland cannot show that DCS will not be prejudiced by the application of the tolling provision.

As to the fourth factor–the reasonableness in remaining ignorant of the filing requirement–Highland does not argue that it was ignorant of the original filing requirement. Highland, however, does not indicate why it waited three months after it discovered the alleged fraud on March 15, 2006 and two months after DCS filed its Motion to Confirm before filing its Motion to Vacate.

Weighing the factors set forth above, the Court finds that Highland cannot establish that equitable tolling should be applied in this case in order to review Highland's untimely fraud claim. The Court denies Highland's Motion to Vacate the arbitration award.

Given that the award is not vacated based on Highland's allegation of fraud, under the FAA, 9 U.S.C. § 9, the Court must confirm the arbitration award. DCS's Motion to Confirm the arbitration award is granted.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Ford Dealer Computer Services, Incorporated's Motion to Confirm Arbitration Award **(Doc. No. 1, filed April 13, 2006)** is GRANTED. DCS may submit its request for attorney fees, costs and expenses in accordance E.D. Mich. L.R. 54.1 and 54.1.2, with the appropriate support.

IT IS FURTHER ORDERED that Highland Lincoln Mercury, Incorporated and Highland Lincoln Mercury, L.L.C.'s Motion to Vacate Arbitration Award, set forth in its Response to the Motion to Confirm Award **(Doc. No. 4, filed June 14, 2006)** is DENIED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2008, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager